UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
GLORIA WHITE and
MOSES PACHECO, SR.,

                Plaintiffs,

    -against-

THE CITY OF NEW YORK, et al.,

                Defendants.
------------------------------------X

09 Civ. 9901 (BSJ)(THK)

**MEMORANDUM OPINION AND ORDER**

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

    In this civil rights action, brought pursuant to 42 U.S.C. § 1983, Plaintiffs contend that the Defendant New York City police officers (1) did not have probable cause to search their home, (2) proffered false and misleading testimony under oath or caused false and misleading testimony to be proffered in support of the search warrant issued with respect to Plaintiffs' home, (3) used abusive procedures in conducting the search, and (4) falsely arrested and imprisoned Plaintiffs during and after the search. Plaintiffs contend that no contraband was found in their home, yet they were arrested, transported to the police precinct, and subsequently released.

    Presently before the Court is a motion by the City of New York and the Bronx County District Attorney's Office ("the DA's Office") to quash a subpoena seeking, <u>inter alia</u>, the affidavit and transcript of the proceedings before a state court judge that led to the issuance of the search warrant relied upon by Defendants in

searching Plaintiffs' home, as well as the identity and address of the confidential informant ("CI") who provided information in support of the warrant application. The DA's Office and the City of New York, invoking the law enforcement privilege, seek to quash the subpoena, arguing that the affidavit and state court transcript have been sealed because they contain information that would tend to reveal the identity of the CI, and that revealing the CI's identity would endanger his safety.

The Court has considered the parties' submissions and concludes that the motion to quash should be granted in part.

I. <u>Plaintiffs Fail to Overcome the Law Enforcement Privilege</u>

The documents at issue are clearly protected by the law enforcement privilege because they include "information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation . . . ." <u>In re the City of New York</u>, 607 F.3d 923, 944 (2d Cir. 2010). This privilege, also known as the "informer's privilege," allows the government to "withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." <u>Roviaro v. United States</u>, 353 U.S. 53, 59, 77 S. Ct. 623, 627 (1957).

Here, the DA's Office argues that the CI is still active with the New York City Police Department, and that disclosing his name

2

and address could present a substantial threat to his safety and would chill the willingness of others to serve as confidential informants. Because the DA's Office has an important interest in protecting the identity of the CI, there is a strong presumption against lifting the privilege. See In re the City of New York, 607 F.3d at 945. Therefore, Plaintiffs must demonstrate that (1) this suit is not frivolous and is brought in good faith, (2) that the information sought is not available form other sources, and (3) there is a compelling need for the information they seek. See id. "It is not enough that identification might be of some assistance, and disclosure should not be allowed simply to permit a fishing expedition or to gratify the moving party's curiosity or vengeance. . . ." Ayala v. City of New York, No. 04 Civ. 1102 (DC), 2004 WL 2914085, at *1 (S.D.N.Y. Dec. 16, 2004); accord Cullen v. Margiotta, 811 F.2d 698, 716 (2d Cir. 1987) ("[T]he district court has considerable discretion in determining whether disclosure [of reports containing confidential informant's statements] is appropriate and in a civil case, the court's denial of discovery will be overturned only if it is an abuse of discretion and has resulted in substantial prejudice."); see also Ortega v. United States, 897 F. Supp. 771, 780 (S.D.N.Y. 1995) ("The burden is on the defendant to demonstrate the need for the extraordinary remedy of disclosure [of the identity of a confidential informant].").

The Court will assume for purposes of the instant application

that Plaintiffs' suit is non-frivolous and has been brought in good faith.  Nevertheless, Plaintiffs have failed to demonstrate, at this point in the litigation, that there is a compelling need for the informant's identity and address.  See In re the City of New York, 607 F.3d at 945.

The search warrant in issue was secured on the basis of a sworn affidavit by a police officer, who, along with a police sergeant, had been working with the CI, who engaged in several drug transactions in Plaintiffs' home.  The warrant did not simply attest to what the CI told law enforcement officials.  The drug transactions occurred under the supervision of law enforcement officials, who provided the CI with "buy" money and then recovered the drugs that the CI purchased on the premises.  The affidavit indicated that the CI was available for questioning by the judge to whom the application was made, that the information provided by the CI was detailed and specific, and that the CI was registered as an informant with the New York City Police Department.

The informant's identity has no relevance to the claims in the Amended Complaint that focus on the conduct of Defendants in executing the search warrant and detaining Plaintiffs.  Nor have Plaintiffs satisfied their burden of demonstrating that the identity of the CI is critical at this point in the litigation to prosecute a claim that the Defendant officers conducted the search without probable cause.

4

Plaintiffs have been provided the search warrant that authorized the search. There having been a search warrant issued upon a finding of probable cause, and the warrant being facially sound, Plaintiffs face a high hurdle in attempting to demonstrate that their Fourth Amendment rights were violated as a result of the fact of the search. See Martinez v. City of Schenectady, 115 F.3d 111, 115 (2d Cir. 1997) ("Normally, the issuance of a search warrant (which depends, of course, on a finding of probable cause) creates a presumption that it was objectively reasonable for the officers to believe that the search was supported by probable cause."); Rivera v. United States, 928 F.2d 592, 602 (2d Cir. 1991) ("A plaintiff who argues that a warrant was issued on less than probable cause faces a heavy burden."); Bender v. Alvarez, No. 06 CV-3378 (CBA)(LB), 2009 WL 112716, at *5 (E.D.N.Y. Jan. 6, 2009) (same). In order to prevail, Plaintiffs must demonstrate that "1) the affiant knowingly and deliberately or with reckless disregard for the truth, made false statements or omitted material facts from the warrant application; and 2) those statements or omissions were crucial to the finding of probable cause." Kirkland v. City of New York, No. 06 Civ. 0331 (NG)(CLP), 2007 WL 1541367, at *5 (E.D.N.Y. May 25, 2007) (citing to, inter alia, Franks v. Delaware, 438 U.S. 154, 155-56, 98 S. Ct. 2674, 2676 (1978) and Velardi v. Walsh, 40 F.3d 569, 573 (2d Cir. 1994)).

Plaintiffs deny that any drug transactions took place in their

home, as alleged in the affidavit in support of the search warrant, and that the search warrant was obtained under false pretenses. They speculate, without any support, that the warrant was secured through the subornation of perjury from the confidential informant.

As an initial matter, the affidavit in support of the warrant did not represent that the drug purchases were made from Plaintiffs; rather, the sales were allegedly made by a 20-30 year old male. More importantly, Plaintiffs have yet to depose the police officer who submitted the affidavit in support of the warrant, or the sergeant referred to in the affidavit who supervised the CI's activities, provided "buy" money to the CI, and to whom the CI provided the crack/cocaine that was purportedly purchased on the premises that was searched. There is no basis, other than sheer speculation, to conclude that the Defendant officers knowingly submitted false evidence in support of the search warrant. On these facts, Plaintiffs have not satisfied their burden of demonstrating that (1) information that would support or undermine the existence of probable cause is unavailable from other sources, and (2) there is a compelling need for disclosure of the CI's identity and address.

Under similar circumstances, courts have denied requests for the disclosure of a confidential informant's identity. See, e.g., Kirkland, 2007 WL 1541367, at *9-12 (court orders production of documents that contain the contents of the CI's statements, but not

the CI's identity); Bender, 2009 WL 112716, at *2 n.6 (court states that had the plaintiff moved for the production of the affidavit in support of a search warrant, it would have denied it, as it did in a related case, because producing the affidavit could expose the CI's identity); Ayala, 2004 WL 2914085, at *3 (denying disclosure of identity of confidential informant, but requiring production of affidavit in support of search warrant (redacted, if necessary) and suggesting deposition of affiant); cf. Atwell v. City of New York, No. 07 Civ. 2365 (WHP), 2008 WL 5336690, at *2 (S.D.N.Y. Dec. 15, 2008) (ordering production of search warrant and supporting affidavits because they "go to the heart of Plaintiff's contention that the search was illegal"; but requiring the redaction of the identities and addresses of the informants).

The Court therefore grants the motion to quash the subpoena so far as it seeks the name and address of the CI, or any documents that would tend to reveal the identity of the CI.

There remains the issue of the affidavit in support of the search warrant application. The DA's Office objects to its production, arguing that, although the affidavit does not provide the name of the CI, disclosing the number of visits to the premises, the timing of those visits, the actions on the premises, and details surrounding the purpose of the CI's visits would expose the informant's identity. Plaintiffs argue that Defendants have waived any claim of privilege because they have already been

provided an unsigned copy of the affidavit and, in any event, the information in the affidavit is clearly relevant and necessary to their claims.

II. <u>The Law Enforcement Privilege Has Not Been Waived</u>

The Court concludes that the privilege has not been waived because the production of the unsigned draft of the affidavit (which, according to the DA's Office, differs from the final affidavit) was unauthorized, and the DA's Office took prompt remedial measures to recover it. The affidavit in support of the search warrant and the record of the proceedings was sealed by order of the Hon. Seth L. Marvin of the New York State Supreme Court, Bronx County, in large part to protect the identity and safety of the CI. When the DA's Office received a copy of the subpoena for the warrant and supporting affidavit from the New York City Law Department, Defendants' counsel in this action, it disclosed only the search warrant and informed the Law Department that the affidavit had been sealed. The DA's Office was unaware that the Law Department possessed an unsigned draft of the affidavit, which appears to have been included in the New York City Police Department file. It is that unsigned draft that was produced to Plaintiffs' counsel, without the knowledge of the DA's Office. Promptly upon learning of the draft's production, the DA's Office sent requests for its return to the Law Department and Plaintiffs' counsel.


In light of the sealing order; the fact that the Law Department was unaware of the sealing order until after it had produced the draft of the affidavit; the prompt measures taken by the DA's Office in seeking the return of the draft of the affidavit; and the compelling, ongoing interest in maintaining the confidentiality of the CI's identity, the Court concludes that the law enforcement privilege has not been waived. Accordingly, Plaintiffs' counsel is to return the draft of the affidavit to the DA's Office, is to retrieve and return any copies of the draft that have been provided to other persons, and is to provide confirmation of that fact to the DA's Office.

* * * *

The Court concludes, however, that Plaintiff is entitled to a copy of the actual affidavit submitted in support of the search warrant, with redactions of any information that would tend to reveal the identity of the CI, such as the dates of the alleged drug transactions. However, on the present submissions, the DA's Office has not demonstrated why any other information in the affidavit, about commonplace drug buys that occurred more than one year ago, would tend to disclose the identity of the CI. Moreover, the Court cannot discern how the alternative discovery proposed by Defendants — a deposition of the affiant and, perhaps other officers involved — could proceed meaningfully if Plaintiffs' counsel is precluded from asking anything about the factual

information proffered to the court as probable cause for issuance of the warrant. In this case, the only information that appears to have led to the issuance of the warrant is the affiant's representations about the drug transactions engaged in by the CI on the premises in issue.

If the DA's Office seeks to redact any additional information, it shall submit a copy of the affidavit to the Court <u>in camera</u>, with an explanation of why the redactions are necessary to preserve the confidentiality of the CI's identity.

So Ordered.

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: July 23, 2010
       New York, New York